People v Kakesa (2023 NY Slip Op 06668)

People v Kakesa

2023 NY Slip Op 06668

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

949 KA 22-00978

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FIMBO KAKESA, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTINE BIALY-VIAU OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered May 12, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from separate judgments convicting him, upon his guilty pleas, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends in each appeal that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waivers of the right to appeal are invalid and therefore do not preclude our review of his challenge to the severity of his sentences (see People v Hoffman, 191 AD3d 1262, 1263 [4th Dept 2021], lv denied 36 NY3d 1097 [2021]; People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude in each appeal that the sentence is not unduly harsh or severe.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court